1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JAMES E. SMITH,                                CASE NO. 1:04-CV-5950-OWW-LJO-P

10                          Plaintiff,            ORDER DISMISSING SECOND AMENDED
                                                 COMPLAINT, WITH LEAVE TO AMEND,
11          v.                                   FOR FAILURE TO COMPLY WITH RULE 8

12  SCRIBNER, et al.,

13                          Defendants.
    _____/

14

15  I.     Screening Order

16         A.     Procedural History

17         Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil action.  Plaintiff filed this action on July 9, 2004, and filed an amended

19  complaint on September 7, 2004.  On January 19, 2005, the court dismissed plaintiff's amended

20  complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8.  In a

21  separate order issued concurrently with this order, the court directed the Clerk's Office to file in the

22  proposed amended complaint plaintiff submitted on June 6, 2005, and docket it as the second

23  amended complaint.

24         B.     Screening Requirement

25         The court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

8  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

10  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

11  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

12  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

13  U.S. 411, 421 (1969).

14       C.   Plaintiff's Complaint

15       A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a),

16  which calls for a "short and plain statement of the claim showing that the pleader is entitled to

17  relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the

18  opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does

19  not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only

20  a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the

21  grounds upon which it rests."  Id. at 47.  Rule 8(a) also requires that the plaintiff give notice of the

22  relief which he seeks from the defendants.

23       Plaintiff's second amended complaint does not comply with Rule 8(a).  With the exception

24  of identifying defendant Scribner in the caption of the pleading, plaintiff fails to identify any of the

25  other defendants, and it is clear from the pleading that there are other defendants.  Further, plaintiff's

26  allegations are vague, conclusory, and confusing, and fail to place defendants on notice as to the

27  basis of plaintiff's claims against them.  For example, under First Cause of Action (42 U.S.C. §

28  1983; Violation of the Fourteenth Amendment Rights) plaintiff alleges, "Defendants an executive

trial attorney violation of plaintiff rights under official policy, county policy or customs, while acting in his/her individual and personal capacities; by acting outside all jurisdictions personal and otherwise in a conspiracy to determine the outcome of the proceedings." (2nd Amend. Comp., p. 3 ¶ 3.) This paragraph, which is independent of the paragraphs preceding and following it, makes no sense at all and does not constitute a claim for relief that comports with Rule 8.

Another example is paragraph 7, in which plaintiff alleges, "Defendants violated the commerce clause under Article I § 8, cl. 3 plaintiff move for a three judge panel, because business in Louisiana had not signed a reciprocity agreement, since the mandatory character of mississippi [sic] could not refuse to allow sales of milk under health standards solely, because Louisiana had not signed a reciprocity agreement since the mandatory character of the reciprocity requirement undluly [sic] burdened interstate commerce and could not be justified as a permissable [sic] exercise of state power in mandatory health standards or as constituting a free trade provision permitting trande [sic] between the state in violation of the Equal Protection clause." This paragraph, also independent of the paragraphs preceding and following it, is likewise nonsensical and not in compliance with Rule 8.

The court will provide plaintiff with one final opportunity to file a complaint that complies with Rule 8. In addition to this order, plaintiff is directed to review the court's order of January 19, 2005, dismissing his first amended complaint with leave to amend. Although plaintiff's third amended complaint should not be needlessly lengthy or detailed, plaintiff must allege sufficient facts for the court to ascertain the basis of his claims and whether or not he states cognizable claims for relief. Plaintiff must, under each separately enumerated claim, set forth the facts that plaintiff believes give rise to the claim. It is plaintiff's responsibility to state his claims in a manner that complies with Rule 8. Plaintiff's factual allegations must be sufficiently clear that the court can determine whether or not plaintiff is entitled to proceed on his claims and that defendants can defend against the claims.

Plaintiff is admonished that a claim, or cause of action, is *one* claim. Plaintiff may not, as he did in his second amended compliant, denote "First Cause of Action" and then proceed to list a myriad of less than distinct but nevertheless different claims under the cause of action. For each

1  legal claim plaintiff is pursuing (e.g., an equal protection claim under 42 U.S.C. § 1983 or a denial

2  of access to the courts claim under 42 U.S.C. § 1983), plaintiff shall label the claim and set forth the

3  facts that he believes give rise to the claim.  In light of the fact that plaintiff has yet to file a pleading

4  that complies with Rule 8 and will allow for the court to screen it on the merits, but nevertheless

5  finds the time to pepper the court with motions seeking injunctive relief that plaintiff is clearly not

6  entitled to at this juncture, plaintiff's failure to file a third amended complaint that complies with this

7  order and the order of January 19, 2005, will result in a recommendation that this action be

8  dismissed.  (See Court Docs. 16, 17, 19, 21, 26, 32, 33, 38, 40, 41, and 42.)

9  Plaintiff is informed he must demonstrate in his complaint how the conditions complained

10  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

11  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

12  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

13  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

14  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

15  743 (9th Cir. 1978).

16  Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

17  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

18  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

19  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

20  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

21  of each defendant must be sufficiently alleged.

22  D.   Conclusion

23  Accordingly, it is HEREBY ORDERED that:

24  1.   Plaintiff's second amended complaint is dismissed, with leave to amend, for failure

25  to comply with Rule 8;

26  2.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file a

27  third amended complaint setting forth clearly each of his claims and the factual

28  allegations in support of each claim; and

4

1    3.    The failure to file a third amended complaint that complies with this order and the

2          order of January 19, 2005, will result in a recommendation that this action be

3          dismissed.

4

5    IT IS SO ORDERED.

6    **Dated:    September 28, 2005**          **/s/ Lawrence J. O'Neill**
     b9ed48                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28