# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SCRIBNER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:04-CV-5950-OWW-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE AND DECLARATORY RELIEF, AND WARNING PLAINTIFF THAT ANY FURTHER PREMATURE MOTIONS WILL BE STRICKEN FROM THE RECORD<br><br>(Docs. 42 and 50) |

　　　Plaintiff James E. Smith ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On July 1, 2005, plaintiff filed a motion seeking injunctive and declaratory relief. On September 28, 2005, plaintiff filed another motion seeking injunctive relief.[1]

　　　As plaintiff has already been informed, a federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). (Docs. 26, 43.) If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over

---

[1] In the caption of the second motion, plaintiff included the docket number for his pending appeal of this Court's prior denial of his motions for injunctive relief. To the extent that plaintiff is seeking some form of relief from the Ninth Circuit in the instant motion, plaintiff must file a motion with the Court of Appeals rather than this Court.

1

the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff's second amended complaint has been dismissed, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a), as was plaintiff's first amended complaint. (Doc. 49.) In as much as plaintiff has yet to file a pleading that contains any cognizable claims for relief, plaintiff is not, at this juncture, entitled to any preliminary relief. Plaintiff's persistence in attempting to obtain premature preliminary injunctive relief evidences a lack of good faith. <u>Plaintiff is warned that if he again files a motion seeking preliminary injunctive relief prior to a finding by the Court that his operative pleading states cognizable claims for relief, the motion will be stricken from the record</u>.

Accordingly, plaintiff's motions for declaratory and injunctive relief, filed July 1, 2005 and September 29, 2005, are HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:   October 11, 2005**            **/s/ Oliver W. Wanger**
emm0d6                                              UNITED STATES DISTRICT JUDGE